The policy of insurance issued by the carrier under the Workmen’s Compensation Law to the employer covered him for carpenter business at 510 West 124th street, New York city and elsewhere in New York State. On August 24, 1940, the employer hired claimant as a carpenter at his place of business in New York city, £<?r seven dollars a day, and transported him to Rensselaerville, Albany county, to do carpenter work *896 on this vacant house. Claimant worked on Saturday and had started work on Sunday when the accident, which resulted in the injury, occurred. The claimant was injured in the regular course of his employment. The employer was sworn and testified that his business was- carpenter contracting, had been for ten years and his principal place of business was 510 West 124th street, New York city; that his work was mostly small jobs in New York city. The employer was assisting the claimant with the work at the time of the injury and was personally present on the job. The employer had purchased the farm about one month before the accident. He testified: “ I bought it to have a place to go in the summer time. Maybe I go up there and stay up there. Q. You bought it there to be used temporarily as a summer place and eventually to live there altogether? A. H I make some money out of it. * * ' * I couldn’t live in the house before I fix it up. * * * Q. This farm you were doing the work on, I think you said before it was your intention to use it as a summer residence when ready for occupancy? * * * And thereafter your intention was to make it possibly your permanent home, is that it? A. Or build bungalows or make it my permanent home. I don’t know my intention.” Respondents seek to classify claimant as a farm laborer or as being excepted from the Compensation Law under the exemption which exempts work being done on a farm. This was not a farm, it was an abandoned property. It had not been used as a farm for a long time. The exemption covering farm labor did not extend to the claimant. The policy of the carrier covered carpenter work done by this man in New York city and elsewhere in New York State, There is no question about the injury, the fact the man was working as a carpenter, paid seven dollars a day and that he was a good carpenter. The possible use to which the employer was going to put the property when it had been repaired is not very clear from the record. The employer testified that he did not know himself his intentions; he might use it as a summer home, he might make it his permanent home or might build some bungalows and make it into a real estate development. The evidence in regard to the use of the property was not very fully developed, but enough appears in the evidence to make it seem clear that this was not a farm property and was not a private residence. What its use was to be permanently does not appear clearly from the record. The employer himself evidently did not know. (Matter of McDonald v. Grand Battery and Ignition Service, 254 N. Y. 605; Matter of Collier v. Dangard, 256 N. Y. 561.) The decision of the Industrial Board dismissing the claim is reversed and the matter remitted to the State Industrial Board, with costs to the appellant. Hill, P. J., Crapser, Bliss, Sehenck and Poster, JJ., concur.